Adam I. Gafni, SBN 230045
Rosy S. Meyerowitz, SBN 265707
**WOOLF GAFNI & CIRLIN LLP**
10850 Wilshire Blvd, Suite 510
Los Angeles, CA 90024
Tel: (310) 867-2729; Fax: 310-919-3037
adam.gafni@wgclawyers.com
rosy.meyerowitz@wgclawyers.com

Mateo Z. Fowler SBN 241295
**MZF Law Firm**
2411 Whitney Street, Ste. 100
Houston, Texas 77006
Tel:  (281) 546-5172
mateofowler@mzflaw.com

Attorneys for Plaintiffs
**Vincent Khoury Tylor and Vincent Scott Tylor**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent Khoury Tylor and Vincent Scott Tylor<br><br>Plaintiffs,<br><br>vs.<br><br>Lulutrip, Inc.; Lulutrip Travel Technology Limited; and Does 1-20<br><br>Defendants. | **Case No. 5:15-cv-631**<br><br>**Complaint for Copyright Infringement; Demand for Jury Trial** |

Plaintiff Vincent Khoury Tylor and Vincent Scott Tylor (collectively "Plaintiffs") file this Complaint against Defendants Lulutrip, Inc. ("Lulutrip") and Lulutrip Travel Technology Limited ("Lulutrip Travel") (collectively, "Lulutrip Defendants") and Does 1 through 20 (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.     This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringement of twenty (20) photographic images in violation of the United States Copyright Act, 17 U.S.C. §§ 101 and 501 et seq.

2.     **Subject Matter Jurisdiction**.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this matter is brought under 17 U.S.C. §§ 101 et seq. and 501 et seq. (Federal Copyright Law).

3.     **Personal Jurisdiction as to Lulutrip, Inc.**  Plaintiffs are informed and believe that personal jurisdiction over Lulutrip is proper because Lulutrip has for years and continuing through the date of this Complaint resided in and/or operated a commercial business headquartered within this judicial district.  Also within this judicial district, Lulutrip systematically, and continuously transacts business, including providing headquarters, call center services, business development services, and entering into contracts on an ongoing basis with and provides services to individuals and/or companies in California as well as employing California residents to work in California. On information and belief, Lulutrip enters into substantial and ongoing contracts with advertising and marketing companies some of which are located within the State of California (such as, Google, Inc. and Yahoo, Inc.), with the knowledge and purpose that such advertisements and marketing for their services be directed to, received by, and target persons within the State of California.   On information and belief and based upon language found on Lulutrip's website, www.lulutrip.com (and associated sub-domains and uniform resource locators "URLs"), Lulutrip operates said website and controls the material thereon and directed to, marketed to and knowingly accessible to and accessed by residents in the State

of California and those wihtin this Judicial District. Upon further information and belief Lulutrip expressly provides under its terms-of-use as posted on their website, www.lulutrip.com, the following language consenting to California choice of law and jurisdiction and encouraging disputes arising out of the website to be brought in California:

> This Lulutrip Site, including this Agreement, shall be governed by, and construed in accordance with, the laws of the State of California (without giving affect to the choice of law principles thereof). **Any dispute arising out of or in relation to this web site, including this Agreement, shall be subject to the exclusive jurisdiction of the federal and state courts of California. You agree and consent to the personal jurisdiction in the federal and state courts of California, for any action concerning any dispute arising in connection with this web site or this agreement.** You represent that You are using the Lulutrip Site at the direction and for the benefit of Your company, and have authority to bind Your company to this Agreement. If any portion of this Agreement is adjudged invalid or unenforceable by a court of competent jurisdiction, the remaining portions will remain valid, enforceable, and carried into effect.

4.      Plaintiff is further informed and believes that the copyright infringement by Defendants giving rise to this lawsuit occurred, *inter alia,* within this Judicial District (including willful infringements that resulted in downloads/distributions within California) and Lulutrip has sufficient contacts within the State of California such that exercising personal jurisdiction over Lulutrip is proper and would not offend traditional notions of fair play and substantial justice

5.      **Personal Jurisdiction as to Lulutrip Travel Technology Limited.** Plaintiffs are informed and believe that personal jurisdiction over Lulutrip Travel is proper at least because Lulutrip Travel directs, consents to, and ratifies the actions of Lulutrip, a wholly owned subsidiary of Lulutrip Travel. On information and belief, Lulutrip Travel and Lulutrip are operated as a single enterprise under the control of Lulutrip Travel and hold themselves out to be one and the same to the public by listing the owner and operator of the website www.lulutrip.com as Lulutrip, Inc., despite statements by an individual purporting

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

to be the CEO of Lulutrip Travel claiming to own, operate, and control the website www.lulutrip.com.

6.      On information and belief, Lulutrip Travel utilizes Lulutrip as a mere shell company or instrumentality for performing its own business activities in the United States, and within this judicial district.  On further information and belief, Lulutrip Travel directly, as well as through its shell Lulutrip, operates and controls the content on the website www.lulutrip.com.   As such, Lulutrip Travel's copyright infringement giving rise to this lawsuit coccured within this Judicial District and Lulutrip Travel has consented to jurisdiction within California and encouraged suits arising out of the website to be filed in California by the terms-of-use listed on its own website www.lulutrip.com, which specifically state:

> This Lulutrip Site, including this Agreement, shall be governed by, and construed in accordance with, the laws of the State of California (without giving affect to the choice of law principles thereof). **Any dispute arising out of or in relation to this web site, including this Agreement, shall be subject to the exclusive jurisdiction of the federal and state courts of California. You agree and consent to the personal jurisdiction in the federal and state courts of California, for any action concerning any dispute arising in connection with this web site  or this agreement.** You represent that You are using the Lulutrip Site at the direction and for the benefit of Your company, and have authority to bind Your company to this Agreement. If any portion of this Agreement is adjudged invalid or unenforceable by a court of competent jurisdiction, the remaining portions will remain valid, enforceable, and carried into  effect.

7.      Furthermore, Plaintiffs are informed and believe that Lulutrip Travel knowingly,   intentionally, and regularly distributes its services and infringements to substantial numbers of United States and California residents, including but not limited to, through the running of an interactive website, through the operation of a designated U.S. Toll Free Number, through tracking of internet protocol addresses which show that at least a substantial plurality (45.2% according to Alexa.com) of traffic comes from the United States and a substantial portion coming from California, through listing its prices on its

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

website www.lulutrip.com in U.S. dollars, through listing on its website www.lulutrip.com that its headquarters are located in California (at 2620 Augustine Drive, Suite, Santa Clara) and otherwise knowingly, intentionally, and regularly targeting, marketing, and soliciting business from or engaging in a persistent course of conduct and/or deriving a substantial revenue from goods used or consumed or services rendered in California.   Plaintiff is further informed and believes that the website www.lulutrip.com was specifically designed to target United States and California customers and thus specifically directs electronic activity into United States and California with the manifest intent of engaging in business or other interactions with California and the United States and to take advantage of the protection of California and United States law and Courts.

8.     On information and belief Lulutrip Travel enters into substantial and ongoing contracts with U.S. and California travel vendors, as well as advertising and marketing companies some of which are located within the State of California (such as, Google, Inc. and Yahoo, Inc.), with the knowledge and purpose that such advertisements and marketing for their services be directed to, received by, and target persons within the State of California.  On information and belief, despite receiving actual knowledge of the harm from the identified copyright infringements in demand letters, Lulutrip Travel failed to fully remove the identified copyright infringements and instead intentionally caused harm to Plaintiffs, residents of Hawaii, through *inter alia* continuing and intentional distributions of infringing material into the United States and California. Accordingly, Plaintiff is informed and believes that Lulutrip Travel otherwise has sufficient contacts within the State of California such that exercising personal jurisdication over Lulutrip Travel is proper and would not offend traditional notions of fair play and substantial justice.

9.     Alternatively, Plaintiff alleges on information and belief that in the event Lulutrip Travel, as a foreign corporation, does not have sufficient contacts in California to be subject to personal jurisdiction in California, that the Court exercise jurisdiction based upon the aggregate contacts with the United States.

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

10.     **Quasi in Rem Jurisdiction Over Website and IP Addresses within the State of California.**   Plaintiffs are informed and believes that Defendants own property within the State of California, which includes but is not limited to Internet Protocal (IP) addresses and website domains that are located within the State of California and within this judicial district, and without which Defendants would not be able to successfully operate. In the event that the Court finds an insufficient basis to exercise in *personam jurisdiction*, the Plaintiff will request the Court exercise *quasi in rem* jurisdiction over the Defendants based on the property owned within this judicial district.

11.     **Venue.** Venue properly lies within the Northern District of California pursuant to the provisions of 28 U.S.C. § 1391(b) and (c) and 1400 (a) in that a substantial part of the events giving rise to the claims occurred in this District, and Defendants have engaged in the acts of copyright infringement within the District.

12.     **Intradistrict Assignment**. Pursuant to Civil Local Rule 3-2(c), assignment would be proper in the San Jose division because, *inter alia*, Defendants reside and/or operate commercial businesses within San Jose with which they operate, own, and control the website www.lulutrip.com upon which the infringing images at issue were copied, uploaded, displayed, and publicly distributed and, as such, a substantial part of the events giving rise to the claims occurred within San Jose, and Defendants have engaged in acts of copyright infringement within San Jose.

## NATURE OF THE ACTION

13.     This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

## THE PARTIES

14.     Plaintiffs incorporates by reference the foregoing paragraphs as if fully set forth herein.

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

15.     Plaintiff Vincent K. Tylor ("V. K. Tylor") is a resident of the State of Hawaii and is a renowned professional photographer specializing in Hawaiian landscapes. Plaintiff operates the website www.hawaiianphotos.net, and regularly sells his copyrighted images across the United States, including in Hawaii and California. V. K. Tylor's photographs are copyrighted images and he works vigorously, through sending DMCA notices as well as cease and desist letters to protect his copyrighted images from unauthorized use.

16.     Plaintiff Vincent S. Tylor ("V. S. Tylor") is a resident of the State of Hawaii and is a renowned professional photographer specializing in Hawaiian landscapes. Plaintiff regularly sells his copyrighted images across the United States, including in Hawaii and California.  V. S. Tylor's photographs are copyrighted images and he works vigorously, through sending DMCA notices as well as cease and desist letters to protect his copyrighted images from unauthorized use.

17.     On information and belief, Defendant Lulutrip Travel Technology Limited ("Lulutrip Travel"), is a corporation organized under the laws of China, with its principal place of business located at 735 Liyang Road, Suite 3208, Shanghai, China, Post Code 200080. On further information and belief, Lulutrip Travel owns, operates and controls its wholly owned subsidiary, Lulutrip, Inc., which is located in Santa Clara, California (city of San Jose).

18.     On information and belief, Defendant Lulutrip, Inc., is a corporation organized under the laws of California, with its principal place of business located at 3333 Bowers Ave., Suite 299, Santa Clara, California (city of San Jose).  On information and believe, Lulutrip, Inc. is owned, operated and controlled by Lulutrip Travel. All actions taken by Lulutrip are ratified by, and performed under the supervision and approval by Lulutrip Travel and that Lulutrip is the alter ego of Lulutrip Travel.

19.     Plaintiffs do not presently know the true names and capacities of the defendants named as Does 1 through 20 and therefore sues such defendants by these fictitious names.  Plaintiffs believe that the Doe Defendants are persons or entities who are

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants who aided and abetted the wrongful acts alleged herein, and/or entered into a conspiracy and agreement with the known Defendants to perform these acts, and committing the actions described below in furtherance of the conspiracy for financial gain and profit, in violation of Plaintiffs' rights. Plaintiffs are further informed and believe that Does 1 through 20 also include other third parties not yet identified who unlawfully uploaded or downloaded, reproduced, published, displayed, and/or distributed the copyrighted images at issue after obtaining the copyrighted images from the Lulutrip Defendants, including, *inter alia*, through the Lulutrip Defendants' website – www.lulutrip.com. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

20. Plaintiffs are informed and believe that Defendants as the principals, officers, directors, agents, employees, representatives, and/or aiders and abettors and/or co-conspirators of each of the other Defendants have participated in the acts or conduct alleged herein and incurred liability therefore.

21. Plaintiffs are informed and believes that each of the Defendants are vicariously liable for the acts of the other Defendants as they had the right and ability to control and manage the infringing behavior of the other and stood to gain and did directly benefit financially from the infringing conduct.

## FACTUAL ALLEGATIONS

22. Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff V. K. Tylor created fifteen (15) photographs at issue in this case, which are duly registered under his name with the United States Copyright Office as follows:

| Registration Number | Description |
| --- | --- |

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

| Registration number VA 1-696-555, described in supplemental registration VA 1-432-741 | • O-24 Makapuu Web-LG.jpg<br>• K-08 Kee Beach Web-LG.jpg<br>• K-39  Shipwrecks Beach Web-LG.jpg<br>• M-18 Turquoise Lagoon Web-LG.jpg<br>• O-06 Hanauma Bay Wide Web-LG.jpg<br>• A-12-B LaniKai-girl Web-LG.jpg<br>• S-02 Last Light in Poipu Web-LG.jpg<br>• B-12 Kona Coast Web-LG.jpg<br>• A-08 Golf Hawaii Web-LG.jpg<br>• B-19 Pololu Valley Wide WEB-LG.jpg<br>• B-01-B Raimbow Falls Web-LG.jpg<br>• S-03 Kauai Golden Sunrise Web-LG.jpg<br>• A-19 Snorkel Hawaii Web-LG.jpg<br>• O-05 Chinaman's Hat Web-LG.jpg |
| --- | --- |
| Registration number VA 1-696-552, described in supplemental registration VA1-432-820 | • S-02 Fire at Shipwrecks Web-LG.jpg |

24.     Collectively, the fifteen (15) photographs shall be referred to herein as the "V. K. Tylor Photographs."

25.     V. K. Tylor is informed and believes that the V. K. Tylor Photographs were registered prior to Defendants' infringements as alleged herein.

26.     Plaintiff V. S. Tylor created five (5) photographs at issue in this case, which are duly registered under his name with the United States Copyright Office, as follows:

| Registration Number | Description |
| --- | --- |
| VA 1-871-794 | • Hanauma Bay Lookout Original |
| VA 1-761-524 | • Oahu Beach01<br>• Chinamans Hat02<br>• South Side Sunset Kauai02<br>• Venice Falls, Maui |

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

27.     Collectively, the five (5) photographs shall be referred to herein as the "V. S. Tylor Photographs.".

28.     V. S. Tylor is informed and believes that the V. S. Tylor Photographs were registered prior to Defendants' infringements as alleged herein.

29.     The V. K. Tylor Photographs and the V. S. Tylor Photographs (collectively, "Photographs") are original works to which Plaintiffs respectively, as the sole copyright owners, hold the exclusive rights to reproduce, publicly distribute, and publicly display, pursuant to 17 U.S.C. §§ 106 and 501.

30.     The Photographs were not "works for hire," and Plaintiffs incurred substantial time and expense in creating the copyrighted works.

31.     Within the last three years, Plaintiffs discovered that after they had registered the copyrighted works (the Photographs), Defendants without authorization or permission from Plaintiffs unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs commercially, including but not limited to, a global audience on the World Wide Web via, *inter alia*, www.lulutrip.com (the "Website") and its related URLs (including the English version of the site).

32.     Plaintiffs are informed and believe that Defendants unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs, including but not limited to, a global audience on the World Wibe Web via, *inter alia*, the Website in order to market/advertise itself and to directly sell airline tickets and/or travel packages and otherwise generate business and profits.

33.     At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, or reproduced the Photographs.

34.     Plaintiffs are informed and believe that Defendants' unlawful copying/reproduction, uploading/downloading or causing to be uploaded/downloaded,

public display and distribution of the Photographs, including but not limited to, a global audience on the World Wibe Web via the Website constitutes direct copyright infringement.

35.   Plaintiffs are further informed and believe that Defendants acted willfully and with actual and/or constructive knowledge that they were infringing Plaintiffs' copyrights and/or acted with reckless disregard for the high probability that they were infringing Plaintiffs' copyrights in that they were aware that they did not have a license or consent to use the Photographs in the manner in which they were used.

36.   Plaintiffs are further informed and believe that, despite receiving actual knowledge of the infringing conduct from Plaintiffs, including but not limited to numerous cease-and-desist letters, Defendants continue to infringe Plaintiffs' copyrights by failing to remove some and/or all of the Photographs and/or by copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, publicly displaying and distributing new and additional copyrighted photographs that Defendants knew and/or recklessly failed to know belong to Plaintiffs without a license or permission, constituting willful copyright infringement.

37.   Plaintiffs are further informed and believe that due to the nature of Defendants' travel related business, third-parties visited Defendants' webpages, including but not limited to the website www.lulutrip.com, and copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs directly from Defendants' Website and/or other webpages owned, operated, or controlled by Defendants. Plaintiffs are informed and believe that the acts of copying/reproducing, uploading/downloading, publicly displaying and distributing the Photographs by these third parties constitutes direct copyright infringements.  Hereinafter, these individuals shall be referred to as "Third Party Direct Infringers."

38.   Plaintiffs are informed and believe that but for Defendants' actions of copying/reproducing, uploading, and publicly displaying and distributing the Photographs on, *inter alia*, their website www.lulutrip.com, these Third Party Direct Infringers would

---

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

not have copied/reproduced, uploaded/downloaded, displayed and/or distributed the Photographs.

39. Plaintiffs are informed and believe that Defendants' infringing conduct materially contributed to and/or induced the infringing conduct by these Third Party Direct Infringers.

40. Plaintiffs are further informed and believe that Defendants' materially contributed to and/or induced the infringements by these Third Party Direct Infringers with actual and/or constructive knowledge of the infringing activity since Defendants knew that neither Defendants nor these Third Party Direct Infringers had a license and/or consent to use the Photographs in the manner in which they were used.

41. Plaintiffs are further informed and believe that Defendants had the right and ability to supervise and/or control the infringing conduct by these Third Party Direct Infringers who copied, uploaded, publicly displayed and distributed the Photographs at Defendants' direction or with Defendants' consent in order to market and advertise Defendants' services on third party websites.

42. Plaintiffs are further informed and believe that Defendants obtained a direct financial benefit from the direct infringements by the Third Party Direct Infringers occurring on these third party websites in that the Photographs were used to market, promote, and sell Defendants' travel services and otherwise generate business.

43. Plaintiffs are informed and believe that Defendants' conduct constitutes secondary copyright infringement (contributory, inducement, and vicarious) of the direct infringements by the Third Party Direct Infringers on these third party websites.

44. Defendants' unauthorized copying/reproducing, uploading/downloading, public display, and distribution as alleged herein has caused Plaintiffs damages.

45. Defendants have shown that they intend to continue, unless restrained, to use Plaintiffs' copyrighted Photographs, willfully infringing, and causing irreparable damages to Plaintiffs for which they have no adequate remedy of law.

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

46.   Defendants' unlawful uses of copies of the Photographs have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

47.   Defendants' unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market the Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

48.   Plaintiffs are entitled to a preliminary and permanent injunction that would restrain Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

49.   Defendants, by their unauthorized appropriation and use of Plaintiffs' Photographs, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' Photographs.

50.   Because Defendants used Plaintiffs' copyrighted Photographs without licenses, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

## FIRST CAUSE OF ACTION

### Direct Copyright Infringement of the V. K. Tylor Photographs

### Under 17 U.S.C. §§ 106 and 501

### (Against All Defendants)

51.   Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

52.   Plaintiff V. K. Tylor owns all rights, titles, and interests in and to the copyrights for all fifteen (15) Photographs (the V. K. Tylor Photographs).

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

53.     Plaintiff V. K. Tylor did not explicitly or impliedly license the use of the V. K Tylor Photographs to Defendants.

54.     Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff V. K. Tylor has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the V. K. Tylor Photographs.

55.     Defendants have misappropriated Plaintiff V. K. Tylor's copyrights in all fifteen (15) Photographs and Plaintiff V. K. Tylor's exclusive rights therein by reproducing, distributing, and publicly displaying the V. K. Tylor Photographs to market/advertise their products and/or services without a license or consent.

56.     Defendants have misappropriated Plaintiff V. K. Tylor's copyrights in all fifteen (15) Photographs through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the V. K. Tylor Photographs through, at least, their commercial websites, including, *inter alia*, www.lulutrip.com.

57.     Defendants misappropriated Plaintiff V. K. Tylor's copyrights in the fifteen (15) Photographs with actual and/or constructive knowledge that the V. K. Tylor Photographs at issued did not belong to Defendants.  Consequently, Defendants willfully engaged in unauthorized use, copyright distribution, and/or display of Plaintiff V. K. Tylor's copyrighted works (the V. K. Tylor Photographs).

58.     Defendants' acts constitute willful copyright infringement of Plaintiff V. K. Tylor's exclusive rights in the Photographs in violation of Section 106 and 501 of the Copyright Act (17 U.S.C., sections 106 et seq. and 501 et seq.)

59.     As a direct and proximate result of Defendants' infringements, Plaintiff V. K. Tylor was damaged and is entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts of infringement alleged above.  At present

time, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff V. K. Tylor, but will be established according to proof at trial. Plaintiff V. K. Tylor also seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000 per infringement.

60. Plaintiff V. K. Tylor is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff V. K. Tylor for which he has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Secondary Copyright Infringement of the V. K. Tylor Photographs

### Under 17 U.S.C. § § 106 and 501

### (Against All Defendants)

61. Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

62. By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display distribute or download the V. K. Tylor Photographs.

63. Plaintiff is informed and believes that Defendants continued to infringe on Plaintiff V. K. Tylor's copyrights by continuing to copy, upload, publicly display and distribute the V. K. Tylor Photographs even after receiving constructive and/or actual knowledge of the infringing activity.

64. Plaintiff is informed and believes that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement by the Third Party Direct Infringers who but for Defendants acts of copying, uploading, displaying and distributing the V.K. Tylor

Photographs on, *inter alia*, the Website would never have obtained the Photographs and further copied, displayed, publicized, and distributed, the V. K. Tylor Photographs without Plaintiff's permission to a global audience via the World Wide Web.

65.     Defendants' conduct constitutes contributory and induced infringement of Plaintiff's copyrights and exclusive rights in the V. K. Tylor Photographs in violation of 17 U.S.C. § 106 and 501.

66.     Plaintiff is further informed and believes that Defendants had the right and ability to control and/or supervise the infringing conduct by the Third Party Direct Infringers, including but not limited to, by giving these Third Party Direct Infringers consent to copy, upload, publicly display and/or distribute the V.K. Tylor Photographs to advertise/market Defendants' services before these Third Party Direct Infringers could use the V. K. Tylor Photographs on third party websites.

67.     Plaintiff is further informed and believes that Defendants obtained a direct financial benefit from the direct infringement by these Third Party Direct Infringers who used the infringing V. K. Tylor Photographs to market, advertise, promote and/or sell Defendants' travel services on third party websites and otherwise generate revenue for Defendants.

68.     Plaintiff is informed and believes that Defendants conduct constitutes vicarious copyright infringement of Plaintiff V. K. Tylor's copyrights and exclusive rights in the V.K. Tylor Photographs in violation of 17 U.S.C. §§ 106 and 501.

69.     Plaintiff is informed and believes that Defendants acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff V. K. Tylor's rights in that Defendants knew or recklessly failed to know that neither they (nor the Third Party Direct Infringers) had the right to use the V. K. Tylor Photographs in the manner in which they were used.

70.     As a direct and proximate result of Defendants' infringements, Plaintiff V.K. Tylor was damaged and is entitled to recover from Defendants the damages, including

attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff V. K. Tylor, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

71. Plaintiff V. K. Tylor is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

### THIRD CAUSE OF ACTION

### Direct Copyright Infringement of the V. S. Tylor Photographs

### Under 17 U.S.C. §§ 106 and 501

### (Against All Defendants)

72. Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

73. Plaintiff V. S. Tylor owns all rights, titles, and interests in and to the copyrights for all five (5) Photographs (the V. S. Tylor Photographs).

74. Plaintiff did not explicitly or impliedly license the use of the V. S. Tylor Photographs to Defendants.

75. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff V. S. Tylor has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the V. S. Tylor Photographs.

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

76.     Defendants have misappropriated Plaintiff Vincent S. Tylor's copyrights in all five (5) V. S. Tylor's Photographs and Plaintiff Vincent S. Tylor's exclusive rights therein by reproducing, distributing, and publicly displaying the V. S. Tylor Photographs to market/advertise their products and/or services without a license or consent.

77.     Defendants have misappropriated Plaintiff V. S. Tylor's copyrights in all five (5) V. S. Tylor Photographs through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the V. S. Tylor Photographs through, at least, their commercial websites including, *inter alia*, www.lulutrip.com.

78.     Defendants misappropriated Plaintiff V. S. Tylor's copyrights in the five (5) V.S. Tylor Photographs with actual and/or constructive knowledge that the V. S. Tylor Photographs at issue did not belong to Defendants.  Consequently, Defendants willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted works ( the V. S. Tylor Photographs).

79.     Defendants' acts constitute willful copyright infringement of Plaintiff V. S. Tylor's exclusive rights under the copyrights in the V. S. Tylor Photographs in violation of Section 106 and 501 of the Copyright Act (17 U.S.C., sections 106 et seq. and 501 et seq.)

80.     As a direct and proximate result of Defendants' infringements, Plaintiff V. S. Tylor was damaged and is entitled to recover from Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the acts of infringement alleged above.  At present time, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff V. S. Tylor, but will be established according to proof at trial.  Plaintiff V. S. Tylor also seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000 per infringement.

81.    Plaintiff V. S. Tylor is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff V. S. Tylor for which he has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### For Secondary Copyright Infringement of the V. S. Tylor Photographs
### Under 17 U.S.C. § § 106 and 501
### (Against All Defendants)

82.    Plaintiffs incorporate by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

83.    By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display distribute or download the V. S. Tylor Photographs.

84.    Plaintiff is informed and believes that Defendants continued to infringe on Plaintiff V.S. Tylor's copyrights by continuing to copy, upload, publicly display and distribute the V.S. Tylor Photographs even after receiving constructive and/or actual knowledge of the infringing activity.

85.    Plaintiff V.S. Tylor is informed and believes that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement by the Third Party Direct Infringers who but for Defendants acts of copying, uploading, displaying and distributing the V.S. Tylor Photographs on, *inter alia*, the Website would never have obtained the Photographs and further copied, displayed, publicized, and distributed, the V. S. Tylor Photographs without Plaintiff's permission to a global audience via the World Wide Web.

86.    Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiff's copyrights and exclusive rights in the V. S. Tylor Photographs in violation of 17 U.S.C. § 106 and 501.

87.     Plaintiff is further informed and believes that Defendants had the right and ability to control and/or supervise the infringing conduct by the Third Party Direct Infringers, including but not limited to, by giving these Third Party Direct Infringers consent to copy, upload, publicly display and/or distribute the V.S. Tylor Photographs to advertise/market Defendants' services before these Third Party Direct Infringers could use the V.S. Tylor Photographs on third party websites.

88.     Plaintiff V. S. Tylor is further informed and believes that Defendants obtained a direct financial benefit from the direct infringement by these Third Party Direct Infringers who used the infringing V. S. Tylor Photographs to market, advertise, promote and/or sell Defendants' travel services on third party websites and otherwise generate revenue for Defendants.

89.     Plaintiff V. S. Tylor is informed and believes that Defendants conduct constitutes vicarious copyright infringement of Plaintiff's copyrights and exclusive rights in the V. S. Tylor Photographs in violation of 17 U.S.C. § 106 and 501.

90.     Plaintiff V. S. Tylor is informed and believes that Defendants acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff V. S. Tylor's rights in that Defendants knew or recklessly failed to know that neither they (nor the Third Party Direct Infringers) had the right to use the V. S. Tylor Photographs in the manner in which they were used.

91.     As a direct and proximate result of Defendants' infringements, Plaintiff V.S. Tylor was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.  At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff V.S. Tylor, but will be established according to proof at trial. Plaintiff V.S. Tylor also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

92.     Plaintiff V. S. Tylor is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff V. S. Tylor for which he has no adequate remedy of law.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendants as appropriate to the claims, and specifically for relief as follows:

(a)     An adjudication that Defendants have infringed and continue to infringe the Copyrights as alleged above;

(b)     For Plaintiffs' actual damages;

(c)     For a full accounting under the supervision of this Court for all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

(d)     For maximum statutory damages under the Copyright Act of up to $150,000 per infringement;

(e)     For prejudgment interest;

(f)     For attorneys' fees and costs;

(g)     For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to: (a) enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or partcipating in the infringement of Plaintiffs' copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and (b) the seizure of all property made in, or used to assist in the violation of Plaintiffs' exclusive copyrights pursuant to 17 U.S.C., section 503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol ("IP") addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs; (c) to enforce

third party contractual obligations that are beneficial to Plaintiff or to enforce third party rights and fully terminate said contract due to Defendants' failure to perform obligations under such contract; and

(h)    For such other and further relief as the Court may deem just and proper.

Dated:        February 10, 2015                      WOOLF GAFNI & CIRLIN LLP


                                                     By:    /s/ Adam I. Gafni
                                                     ADAM I. GAFNI
                                                     Attorneys for Plaintiffs

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:       February 10, 2015                    WOOLF GAFNI & CIRLIN LLP


By:     /s/ Adam I. Gafni
ADAM I. GAFNI
Attorneys for Plaintiffs

Complaint for Copyright Infringement and Demand for Jury Trial, Case No. 5:15-cv-631